FILED
SUPERIOR COURT
OF GUAM

2025 JAN 28 AM II: 00

CLERK OF COURT

BY:___/m___

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **COAST 360 FEDERAL CREDIT UNION,**<br><br>Plaintiff,<br><br>vs.<br><br>**LESLIE ANN VILLANUEVA,**<br><br>Defendant. | **CIVIL CASE NO. CV0143-24**<br><br><br>**DECISION AND ORDER GRANTING SUMMARY JUDGMENT** |

This matter is before the Honorable Dana A. Gutierrez upon a Motion for Summary Judgment ("MSJ") filed by Plaintiff Coast 360 Federal Credit Union ("Coast 360"). Attorney Mark S. Beggs represents Coast 360. Defendant Leslie Ann Villanueva ("Villanueva") has appeared in this matter *pro se*. Upon review of the record, the arguments of the parties, and applicable Guam law, the Court hereby **GRANTS** Coast 360's MSJ but **DENIES** the request for attorney fees.

## BACKGROUND

On March 28, 2024, Coast 360 filed a Complaint against Villanueva, alleging that Villanueva owed Coast 360 $4,962.86 on a Visa charge account. Compl. ¶ 3. Coast 360 also contends that the cardholder agreement for the account allows Coast 360 to charge interest at the rate of 12% per annum on any unpaid and overdue balance, and allows recovery of reasonable attorney fees incurred in the collection of the credit card account. Compl. ¶ 4-5; *see also* Compl. Ex. A.

On April 29, 2024, Villanueva filed her Answer to Complaint, denying the allegations for

lack of information and expressing willingness to settle.

On June 21, 2024, Coast 360 filed its MSJ arguing that Villanueva admitted to opening the account, and that there were no issues of fact or law. Mot. Summ. J. at 2-3. To support its argument, Coast 360 on the same day also filed a declaration from Steven A. Pangelinan, the Credit Solutions Services Manager for Coast 360. Decl. Steven A. Pangelinan at 1. On July 26, 2024, Coast 360 filed its Statement Supporting Factual Positions in accordance with Guam Rules of Civil Procedure 56(c)(1)(A).

The Court held a Scheduling Conference on July 30, 2024, where Villanueva and Attorney Mark Beggs, on behalf of Coast 360, were present via Zoom. The Court noted that Villanueva had not filed a response to the MSJ. Villanueva stated that she did not receive the MSJ and Coast 360 explained that it attempted to mail her the MSJ but the mailing was returned as undeliverable. Min. Entry at 9:08:14-9:09:32 AM (July 30, 2024). Villanueva agreed on the record to accept service by mail and e-mail. *Id.* at 9:13:17. She also informed the Court that she was in the process of filing for bankruptcy. *Id.* at 9:17:31 AM.

On August 1, 2024, Villanueva filed an Opposition to Motion to Set Aside Montion *[sic]* to Summary Judgment ("Opposition"). On the same day, Coast 360 submitted a Declaration of Mailing for its Initial Disclosures, CVR 7.1 Form 2, Declaration, Memorandum of Points and Authorities in Support of Motion for Summary Judgment, and Statement Supporting Factual Positions. Decl. (Aug. 1, 2024). On August 2, 2024, Coast 360 submitted another Declaration of Mailing for CVR 7.1 Form 1. Decl. (Aug. 2, 2024).

On October 15, 2024, the Court held a Status Hearing. Villanueva confirmed that she was served with the Motion for Summary Judgment. Min. Entry at 9:08:03 AM (Oct. 15, 2024). At the hearing, the Court gave Villanueva an opportunity for more time to respond substantively and

dispute any of the material facts presented in the MSJ. *Id.* at 9:16:16 AM. However, Villanueva stated that she did not wish to respond, and that she was only planning to file for bankruptcy. *Id.* at 9:17:06.

The Court took the matter under advisement without oral argument on November 21, 2024.

## DISCUSSION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. ("GRCP") Rule 56(a). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a fact-finder." *Camacho v. Perez,* 2017 Guam 16 ¶ 12 (citing *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.,* 1997 Guam 10 ¶ 7). "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Gov't of Guam v. Gutierrez,* 2015 Guam 8 ¶ 26 (citing *Gayle v. Hemlani,* 2000 Guam 25 ¶ 20) (quotations omitted).

When reviewing a motion for summary judgment, "[the] court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Id.* "A movant bears the initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock Products Corp. v. Ocean Hous., Inc.,* 2016 Guam 4 ¶ 27. If the movant satisfies its burden, the burden shifts to the non-movant party to produce at least some significant probative evidence to support the pleadings. *Bank of Guam v. Flores,* 2005 Guam 25 ¶ 7. If, however, there are no genuine issues of material fact, the non-movant may not simply rely on allegations in the complaint but must provide some significant probative evidence supporting the complaint. *Gutierrez,* 2015 Guam 8 ¶ 26.

## 1.    There Are No Disputed Facts

In her Opposition, Villanueva only argued that she was (1) "never served with documents and was never adequately informed about the case for the motion for summary judgement filed by Plaintiff," that (2) "Plaintiff confirmed that documents were never serve *(sic)* by mail due to returned mail," and (3) requested a "motion to set aside motion to summary judgment." Def.'s Opp. at 1.

However, since the July 30, 2024 hearing, Coast 360 has submitted two declarations that confirmed that the MSJ and relevant documents were mailed in a sealed and properly addressed envelope by certified mail with return receipt requested. *See* Decl. Mailing (Aug. 1, 2024) and Decl. Mailing (Aug. 2, 2024). Additionally, Villanueva confirmed that she was served with the MSJ at the October hearing. Min. Entry at 9:09:03 AM (Oct. 15, 2024).

Villanueva has otherwise not challenged any of Coast 360's facts or allegations, raised any arguments, or submitted any exhibits or facts to support a finding of material disputed facts.

At the hearing, Villanueva was also given an opportunity for more time to respond substantively and dispute any of the material facts presented in the MSJ. *Id.* at 9:16:16 AM. However, she stated that she did not wish to respond, as she was only waiting on filing for bankruptcy. *Id.* at 9:17:06. Thus, Villanueva has not indicated that any material disputed fact exists. *See White v. Aramark,* 670 Fed. Appx. 578 (9th Cir. 2016) (stating that summary judgment was proper because the "unopposed motion for summary judgment demonstrated the absence of a genuine dispute of material fact . . ." and stating that the court "may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine dispute of material fact.").

Therefore, the Court finds that there is no genuine dispute of material fact.

## 2. Coast 360 Has Demonstrated It Is Entitled to Judgment

Coast 360 requests "judgment against the Defendant in the amount of $4,962.86, accrued interest as of November 29, 2023 of $343.40, interest at the rate of 12% per annum from November 29, 2023 to the date of judgment, attorney fees of $795.94, and such further relief as the court may deem fair and proper." Compl. at 2.

Coast 360 states that Villanueva maintained a credit card account with Coast 360 and supports that with Villanueva's Credit Card Application signed by her on June 24, 2019. Compl., Ex. A. Coast 360 also states that Villanueva has failed to make the required payments on the account and that the balance has been accelerated. Decl. Steven A. Pangelinan ¶ 4. It further alleges that the balance due on the account is $4,962.68. *Id.* This amount is within Villanueva's account limit of $5,000, and she does not dispute the amount. Compl., Ex. A; *see also* Def.'s Opp.

Coast 360 also calculated that the accrued interest at a rate of 12% per annum amounted to $343.40 as of November 29, 2023. The interest rate is consistent with the Annual Percentage Rate listed in Villanueva's application. Compl., Ex. A.

Lastly, Coast 360 also requested $795.94 in attorney fees, asserting that "[i]n the cardholder agreement, the Defendant agreed to pay Plaintiff's reasonable attorneys [sic] fees incurred in the collection of the credit card account." Compl. at 2.

Guam follows the "American Rule" governing attorney's fees. *Fleming v. Quigley*, 2003 Guam 4 ¶ 7. As such, "parties bear their own litigation expenses, including attorney's fees," unless an exception applies. *Id.* "The exceptions to the American rule include where attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-established equitable circumstances." *Id.*

Here, there are no provisions about attorney fees in the application that Coast 360 submitted

5

to the Court. *See* Compl., Ex. A. Additionally, Coast 360 has not provided the Court any statutory basis for its request for attorney fees. Therefore, because Coast 360 has neither provided a contractual nor statutory basis for attorney fees, the Court is unable to grant Coast 360's request for attorney fees.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Coast 360's Motion for Summary Judgment as follows: (1) the principal balance of $4,962.68; (2) accrued interest in the amount of $343.30 as of November 29, 2023; and (3) additional interest that accrues from November 30, 2023 at the rate of 12% per annum until Judgment is entered, but the request for attorney fees is **DENIED**. The bench trial scheduled for March 24, 2025 at 9:00 a.m. is **VACATED**.

The Court further **ORDERS** that Plaintiff submit a proposed judgment consistent with this Decision and Order within fourteen (14) days.

SO ORDERED: ____JAN 2 8 2025____.

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

6